IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICK LOGAN a/k/a Robert Harris,<br><br>       Petitioner<br><br>   vs.<br><br>JAMES L. GRACE, THE DISTRICT ATTORNEY OF ALLEGHENY COUNTY, and THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA,<br><br>       Respondents | Civil Action No. 05-127<br>Judge William L. Standish/Magistrate Judge Lisa Pupo Lenihan<br><br>Doc. Nos. 9 & 10 |

## MEMORANDUM ORDER

Petitioner has filed two documents in which he apparently seeks an order granting him immediate release from his confinement pursuant to Fed.R.App.P. Nos. 23(c) and/or 27(a) and pursuant to Fed.R.Civ.P. 60(b). In Doc. No. 9, he seeks this relief. In Doc. No. 10, he seeks leave to file Doc. No. 9. The Court **DENIES** petitioner's motion for leave to file Doc. No. 9, to the extent that he seeks to file it pursuant to Fed.R.App.P. 23(c) as there is no decision ordering release of Petitioner, and to the extent that he seeks to file it pursuant to Fed.R.App. 27(a) as that rule applies to the Circuit Court of Appeals and not to the District Court.  To the extent that Petitioner seeks in Doc. 10, leave to file a motion for relief pursuant to Fed.R.Civ.P. 60(b), it does not appear that such leave is required and so Doc. 9 is denied as moot to the extent that he seeks such leave.  Hence, Doc. 10 is **DENIED** *in toto*.

The court will now address Doc. 9 on the merits to the extent that he seeks relief under Rule 60(b). Fed.R.Civ.P. 60(b) contemplates that the attack on a judgement permitted by Rule 60 be an attack on a judgment of a **federal** court, not an attack on the judgment of a state court or state agency such as the Parole Board. See, Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1284 (11th Cir. 2004)("The fraud exception to our rule that 60(b) relief will not be granted to reopen final judgments denying federal habeas relief applies where the fraud was perpetrated on the federal court and resulted in the denial of federal habeas relief, not where the fraud was perpetrated on a state court."). Because his Rule 60(b) motion, Doc. 9, is really an attack on the state Parole Board's orders denying him parole, and/or the State Court judgment imposing sentence, the Court hereby **DENIES** his motion under Fed.R.Civ.P. 60(b) as such a request/attack is proper only via habeas. See, e.g., Beaven v. Roth, 74 Fed.Appx. 635, 638 (7th Cir. 2003)("Federal courts do have authority to review collaterally state-court judgments in criminal cases, but only through habeas corpus. Indeed, 'habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release'")(quoting Heck v. Humphrey, 512 U.S. 477, 481 (1994))(some citations omitted).

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this order to the District Court. Any opposing party shall have seven (7) days from the date of service of the appeal to respond thereto. Failure to timely file an appeal may constitute a waiver of any appellate rights.

/s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: December 20, 2005

cc: The Honorable William L. Standish
United States District Judge

Nick Logan
BW-0212
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

Robert S. Englesberg
Office of Attorney General
Fifth Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219